UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-20178-CR-ALTONAGA

**UNITED STATES OF AMERICA**,

    Plaintiff,

vs.

**ROBERT SHAPIRO**,

    Defendant.

_____/

## **ORDER**

**THIS CAUSE** is before the Court on Defendant, Robert Shapiro's Motion to Reduce Sentence Pursuant to 18 U.S.C. [Section] 3582(c)(1)(A) [ECF No. 333], filed on May 5, 2023. The relief Defendant seeks is evident from the title of his Motion. The Court has carefully reviewed the Motion and its exhibits [ECF Nos. 333-1–333-13], the Government's Response in Opposition [ECF No. 335], the Reply [ECF No. 339] and its exhibits [ECF Nos. 339-1–339-2], the Notice of Supplemental Authority [ECF No. 340] and its exhibit [ECF No. 340-1], the record, and applicable law.

> The Government best summarizes the circumstances presented here:
>
> This Court sentenced Shapiro to 300 months' imprisonment for spearheading a $1.3 billion *Ponzi* scheme through his Woodbridge Group of Companies that caused nearly $500,000,000 in losses to more than 8,000 victims. Shapiro has served approximately 16% of his sentence. In his [M]otion, he makes the nearly-identical health and age-related arguments he included in his [Sentencing Memorandum and] motion for sentencing variance [ECF No. 163] that this Court rejected. In his release [M]otion, Shapiro even cites to his September 2019 Presentence Investigation Report as proof of his *current* ailments.

(Resp. 1 (alterations added; emphasis in original)).[1]

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

CASE NO. 19-20178-CR-ALTONAGA

Upon review, the Court agrees with the Government that Defendant does not present any extraordinary or compelling reason within the meaning of 18 U.S.C. section 3582(c)(1)(A) for a compassionate release. Certainly, Defendant's past cancer — which was diagnosed and treated successfully over ten years ago — does not "amount to [a] serious or compelling" medical condition. (Resp. 13 (alteration added)). Similarly, Defendant's shortness of breath and obesity are neither terminal nor serious illnesses; nor do they diminish Defendant's ability to provide self-care at Federal Correctional Institution Lompoc. (*See id.* 13–16 (citations omitted)). Defendant's reliance on COVID-19 as a basis for the requested early release wholly fails to persuade; Defendant should receive periodic booster vaccines as they become available. (*Compare id.* 15–17 *with* Reply 1–5).

Even if Defendant did present compelling or extraordinary health reasons for a sentence reduction, the factors in 18 U.S.C. section 3553(a) hardly support an early release. As the Government, again, aptly describes,

> Shapiro engaged in a lengthy, complicated fraud that targeted elderly investors, in devastating and prolonged fashion. Both its duration and complexity are notable, even when compared to other financial crimes and *Ponzi* schemes. Shapiro recruited others into his ever-expanding scheme, and, for the purpose of making his own retirement more extravagant, stole the life savings of others, forcing some to go back to work in order to recoup their investments.

(Resp. 18). Defendant's unreasonably early release would not promote respect for the law, just punishment, the safety of the community, or the deterrence objectives of sentencing. *See* 18 U.S.C. § 3553(a).

Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant, Robert Shapiro's Motion to Reduce Sentence Pursuant to 18 U.S.C. [Section] 3582(c)(1)(A) **[ECF No. 333]** is **DENIED**.

CASE NO. 19-20178-CR-ALTONAGA

**DONE AND ORDERED** in Miami, Florida, this 28th day of July, 2023.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: counsel of record